UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mandy Lou Brooks,

    Plaintiff,

v.                                                                  Case No. 11-12486

Commission of Social Security,                 Honorable Sean F. Cox

    Defendant.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff Mandy Lou Brooks ("Plaintiff") filed this action on June 8, 2011, challenging the Commissioner of Social Security's decision to deny her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Thereafter, the parties filed cross-motions for summary judgment. Those motions were referred to Magistrate Judge David R. Grand, pursuant to 28 U.S.C. § 636, for issuance of a report and recommendation.

On May 24, 2010, an Administrative Law Judge ("ALJ") concluded that Plaintiff's carpal tunnel syndrome, back pain, and knee pain did not render her disabled. (AR at 18). On July 5, 2012, Magistrate Judge Grand issued a Report and Recommendation ("R&R") wherein he recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss Plaintiff's Complaint. (R&R, Docket Entry No. 16).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a

matter by a magistrate judge must file objections to the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.  A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the Court to alleged errors on the part of the magistrate judge. *VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004).

On July 19, 2012, Plaintiff filed written objections to the July 5, 2012 R&R. (Pl.'s Objs., Docket Entry No. 17).

In the R&R, Magistrate Judge Grand provided a detailed and accurate summary of the ALJ's written decision, the May 7, 2010 hearing conducted by the ALJ, and the medical evidence contained in the administrative record ("A.R.").  Magistrate Judge Grand also discussed the five-step sequential analysis used to determine whether Plaintiff is eligible for disability benefits.  Magistrate Judge Grand concluded that substantial evidence supports the ALJ's decision that Plaintiff's impairments did not meet or exceed a listed impairment.  He further concluded that the administrative record was not insufficient, and the ALJ did not err by not recontacting Plaintiff's treating physicians for Plaintiff's physical limitations.

In her first objection, Plaintiff challenges the Magistrate Judge's conclusion that the ALJ was not required to recontact Plaintiff's physicians to obtain opinions as to her limitations and contends that the ALJ should not have relied on the fact that the record lacked such opinions by Plaintiff's physicians. (Pl.'s Objs. at 2-3).  The Court finds this argument to be without merit. Plaintiff implies that the ALJ relied solely on the lack of physician opinions placing limitations on Plaintiff.  The ALJ, however, simply found it notable that Plaintiff's treating physicians did

not place physical limitations on Plaintiff.  The ALJ did not base his decision solely on the lack of physician-imposed limitations, but rather, relied on decades of medical records, the RFC assessment, and Plaintiff's own testimony as to the extent of her daily activities.  For example, the ALJ noted that the most recent medical testing showed no carpel tunnel, Plaintiff does not use any pain medication to relieve her symptoms, and some clinicians found her complaints to be disproportional to the objective findings.  The ALJ also considered Plaintiff's own testimony that she can perform self-care tasks, complete household chores, drive short distances, go shopping, and visit relatives.  (A.R. at 19).  Thus, there is significant evidence to support the ALJ's determination that Plaintiff is not disabled.

Second, Plaintiff contends that Magistrate Judge Grand's R&R "fails to sufficiently acknowledge the ALJ's reliance upon the opinions of a 'nonexamining nonmedical' consultant." (Pl.'s Objs. at 4).  This objection also fails.  As stated by Magistrate Judge Grand, the ALJ did not rely on the consultant's RFC assessment and specifically stated so in his determination.  The ALJ explicitly adopted a "more restrictive residual functioning capacity" than proposed by the consultant.  (A.R. at 19).

Finally, Plaintiff contends that the Magistrate Judge erred by failing to recommend the reversal of "the ALJ's imposition of an impermissibly strict disability standard."  (Pl.'s Objs. at 4).  Plaintiff focuses on the following language used by the ALJ to suggest that the ALJ applied a standard wherein Plaintiff was required to prove she was totally disabled:

> Specifically, no physician imposed a work preclusive limitation on the claimant's functioning, or opined that he [sic] was totally disabled or more limited than the residual functional capacity adopted. The undersigned notes the results of radiographic, EMG, CT, radiographic [sic] and clinical evaluations which did not unveil totally disabling pathology.

3

(A.R. at 19). Plaintiff's suggestion that the ALJ applied a stricter standard based upon these statements is inaccurate. Not only did the ALJ state that the record lacked physician opinions stating the Plaintiff is totally disabled, but also that the record lacked physician opinions stating that Plaintiff is "more limited than the residual functional capacity adopted." (A.R. at 19). This language simply implies that Plaintiff's impairments did not limit her beyond the RFC assessment. Again, the ALJ did not rely on the lack of physician-imposed limitations or the lack of physician opinions stating that Plaintiff is totally disabled. There is substantial evidence to support the ALJ's determination that Plaintiff can perform a limited range of light work.

Accordingly, the Court ACCEPTS and ADOPTS the July 5, 2012 R&R (Docket Entry No. 16).

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Docket Entry No. 9) is DENIED.

IT IS FURTHER ORDERED that the Commissioner's Motion for Summary Judgment (Docket Entry No. 14) is GRANTED and this Court hereby AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: September 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2012, by electronic and/or ordinary mail.

    S/Jennifer Hernandez
    Case Manager